UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KENNETH ADAMS, | § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-270 |
| TD AMERITRADE, INC., | § § § | |
| Defendant. | § § | |

# ORDER

Plaintiff Kenneth Adams ("Adams") purchased shares of Bancorp International Group, Inc. stock ("BCIT") through a broker, Defendant TD Ameritrade, Inc. ("Ameritrade"). Adams attempted to procure a physical stock certificate of his shares of BCIT through Ameritrade. When Ameritrade did not produce the certificate, the parties submitted to arbitration. The Arbitration Panel ("Panel") ruled in favor of Ameritrade. Adams, appearing pro se, now disputes the validity of the arbitration panel's decision as unjust and biased. Before the Court is Ameritrade's motion for summary judgment. For the following reasons, the Court will grant Ameritrade's motion.

In 2001, Adams and Ameritrade executed a written agreement for discount brokerage services. As part of the agreement, Adams and Ameritrade agreed to resolve disputes over transactions through arbitration. In 2005, Adams purchased 536,274 shares of BCIT through Ameritrade for $4,875.80. Adams held the shares indirectly through Ameritrade. A financial clearing house called the Depository Trust Company ("DTC") holds the actual share certificates for shares that are traded electronically. In 2005, DTC

1 / 5

imposed a "global lock" on BCIT shares after it learned that fraudulent BCIT shares had entered the market. The global lock, which remains in effect today, prevents the conversion of Adams' electronic shares into physical form for delivery.

The present dispute arose from Adams' unsuccessful request to Ameritrade for an actual share certificate of his BCIT shares. Ameritrade responded that it was unable to provide the certificate due to DTC's global lock. In 2014, Adams filed a Statement of Claim with the Financial Industry Regulatory Authority ("FINRA"). Adams asserted causes of action for breach of contract; violations of Article 8 of the UCC; and violations of various securities laws. Among numerous filings from the parties, Ameritrade filed a Request for Appointment of a Three-Member Panel.[1] The Panel ultimately denied Adams' claims with prejudice and assigned various fees to both Adams and Ameritrade.[2]

Adams then filed a claim with the 122nd Judicial District Court of Galveston County, Texas to vacate and void the Panel's decision. Adams' Complaint sought to vacate the FINRA arbitration award because: (1) the panel showed partiality; (2) the panel refused to hear pertinent evidence; (3) the panel failed to obtain jurisdiction over all parties; (4) the panel granted an award that exceeded its authority; (5) the award is

---

[1] These filings include Adams' motions: (1) to dismiss Respondent's defense for failing to comply with discovery; (2) for immediate sanctions; (3) to reconsider order on discovery; (4) for Depository Trust Corporation ("DTC") to be joined as a party, or in the alternative, dismiss without prejudice; (5) to dismiss without prejudice; (6) to reconsider denial of his motion to dismiss without prejudice; and (7) to strike affidavits. Dkt. 2, p. 26.

[2] The Panel's Award stated as follows: "After considering the pleadings, the testimony, and the evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows: 1. Claimant's claims, each and all, are denied with prejudice; and 2. Any and all relief not specifically addressed herein, including punitive damages and sanctions, is denied." Dkt. 17-1, p. 5.

contrary to public policy; (6) the award was made in manifest disregard of the law; and (7) the award requires TDA to commit an illegal act. Ameritrade timely removed the case to this Court. Ameritrade's instant motion for summary judgment seeks dismissal of Adams' claims with prejudice; an Order confirming the Panel's decision;[3] and costs awarded against Adams.

The FAA reflects a national policy favoring arbitration. *Cooper v. WestEnd Capital Mgmt., L.L.C.*, 832 F.3d 534, 543–44 (5th Cir. 2016) (citing *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008)). "In light of the strong federal policy favoring arbitration, judicial review of an arbitration award is extraordinarily narrow." *Cooper*, 832 F.3d at 543-44 (quoting *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 471–72 (5th Cir. 2012)). A district court's review of an arbitration decision is "exceedingly deferential." *Rain CII Carbon, LLC*, 674 F.3d at 472 (citation and internal quotation marks omitted).

Section 10 provides the exclusive grounds for vacatur of an arbitration award. *Citigroup Global Mkts., Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009). An award may be vacated: (1) "where the award was procured by corruption, fraud, or undue means"; (2) "where there was evident partiality or corruption in the arbitrators"; (3) "where the arbitrators were guilty of misconduct ... or of any other misbehavior by which the rights of any party have been prejudiced"; or (4) "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject

---

[3] Ameritrade's Answer also contained a counterclaim for the Court's confirmation of the arbitration award. Adams did not answer the counterclaim.

matter submitted was not made." 9 U.S.C. § 10(a). The burden of proof is on the party seeking to vacate the award. *Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377, 385 & n.9 (5th Cir. 2004). Any doubts or uncertainties must be resolved in favor of upholding it. *Id.*

As far as the Court can construe, Adams' viable assertions against Ameritrade are made pursuant to prongs 2, 3, and 4 of the FAA's list of reasons to vacate an arbitration award. *See* 9 U.S.C. § 10(a)(2)-(4). To be sure, Adams' Complaint attempts to tie his many conclusory statements to the FAA's bases for vacatur. Contrary to his arguments contained in his Complaint, however, a representative inspection of Adams' assertions shows that (1) the Panel did consider Adams' motions and the evidence he provided before reaching its decisions; and (2) without explaining why, Adams summarily concludes that adverse rulings must be the result of bias:

- "The only true way the panel could have established whether TDA do hold genuine. BCIT shares on certificates was by either make TDA produce the copies that DTC hold or joining DTC to the proceedings." *Id.* at 12.

- "In refusing to make [Ameritrade] produce the copies of these certificates the panel showed partiality and accepted at face value the [Ameritrade] story despite the over whelming evidence which showed that it simply could not be true." Dkt. 2, p. 13.

- "TDA objected to the motion to join the DTC and their attorneys submitted legal arguments on behalf of the DTC as to why that entity should not be joined and the panel allowed this, despite the fact that these lawyers do not act for the DTC and that such a challenge is contrary to their duties as agent to put the interests of their principal ahead of anything else." *Id.* at 13-14.

- "The panel exceeded their authority and were simply wrong to allow TDA to submit legal argument by and on behalf of their agent DTC when TDA had no such authority to do so and such submission put them in breach of their fiduciary duty to Mr. Adams." *Id.* at 14.

- "If the PANEL found there was a legitimate basis such as a rule, regulation or statute which prevented them from enforcing plaintiff's ownership rights at this time, the PANEL kept it a secret. The PANEL denied plaintiffs claim on June 15, 2016 and provided no explanation for their denial." *Id.* at 16.

A pro se plaintiff is afforded some leniency regarding the strength and coherence of his pleadings. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (explaining in Rule 12(b)(6) context that, "We hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level."). However, even a pro se plaintiff faces a heavy burden to show that an arbitration award should be vacated. Here, Adams fails to show any such statutory justification for vacating the award. Because he does not meet his burden, the Court cannot vacate the arbitration award.

For the reasons discussed above, Ameritrade's motion for summary judgment is hereby **GRANTED**. Accordingly, it is **ORDERED** that Adams' motion to vacate and declare void arbitration award is hereby **DISMISSED with prejudice**. Accordingly, the FINRA Panel's arbitration award in case number 14-01405 dated June 15, 2016 is **CONFIRMED** pursuant to Section 9 of the FAA. A final judgment will be entered separately.

SIGNED on July 10, 2017 at Galveston, Texas.

George C. Hanks, Jr.
United States District Judge